# In the United States Court of Federal Claims

No. 05-1043C
(Filed July 23, 2014)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * *  *
                                               *
JORGE A. DELPIN APONTE, et al.,*
                                               *
                Plaintiffs,     *
                                               *
        v.                      *
                                               *
THE UNITED STATES,              *
                                               *
                Defendant.      *
                                               *
* * * * * * * * * * * * * * * * * * * * * * *  *
```

### ORDER

On May 7, 2014, the Court issued an opinion granting defendant's cross-motion for summary judgment and denying plaintiffs' motion for partial summary judgment, finding that the United States Postal Service's (USPS) method of paying overtime complied with the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207. *Delpin Aponte v. United States*, 116 Fed. Cl. 5, 16–21 (2014). Judgment was entered the following day. ECF No. 188. On June 4, 2014, plaintiffs timely filed a motion for reconsideration or, in the alternative, for relief from the judgment, pursuant to Rules 59 and 60 of the Rules of the United States Court of Federal Claims (RCFC). Mot. to Alter or Amend (Pls.' Mot.), ECF No. 189. As plaintiffs have not met the standards for reconsideration or relief under RCFC 59 or 60, but instead are reasserting merits arguments rejected by the Court in the previous ruling, this motion is **DENIED**.

Under RCFC 59, the court may grant a motion for reconsideration "for any reason for which a new trial has heretofore been granted in an action at law in federal court" or "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."[1]  RCFC 59(a)(1)(A)–(B). To demonstrate the applicability of RCFC 59 the moving party must show "(1) the occurrence of an

---

[1]  A third ground, "the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States," RCFC 59(a)(1)(C), has no bearing on this matter.

intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice." *Osage Tribe of Indians of Okla. v. United States,* 97 Fed. Cl. 345, 348 (2011).  It is not sufficient for the moving party to "merely reassert[ ] arguments which were previously made and carefully considered by the court." *Principal Mut. Life Ins. Co. v. United States,* 29 Fed. Cl. 157, 164 (1993) (internal quotation marks and citation omitted).

Rule 60 allows the moving party to be relieved from a judgment for certain reasons, such as "mistake, inadvertence, surprise, or excusable neglect;" "newly discovered evidence;" "fraud;" or "any other reason that justifies relief."  RCFC 60(b)(1)–(3), (6).  This rule, however, is not a mechanism for unsuccessful litigants to re-litigate their case. *Bishop v. United States,* 26 Cl. Ct. 281, 286 (1992).  To the contrary, because "the litigation process rests on the assumption that both parties present their case once, to the best of their advantage," relief under RCFC 60(b) is an extraordinary remedy. *Id.*[2]

In their motion, plaintiffs do not discuss the standards of RCFC 59 and 60, nor do they cite any precedents applying these rules.[3]  Moreover, they do not identify any previously unavailable evidence that would affect the Court's decision, or intervening changes in controlling law.  They "point out" that the government "resisted . . . any discovery directed at the essence of [its] formula" for calculating overtime pay.  Pls.' Mot. at 2.  But despite its complexity, close scrutiny of the formula and the payroll records showed that the formula was accurately employed by the USPS. *See Delpin Aponte*, 116 Fed. Cl. at 14, 16–18.  The question that remained was not one of fact, but rather of law:  whether the formula satisfied the FLSA.  The Court concluded that it did. *See id.* at 18–21.

---

[2]  Additionally, the Court notes that RCFC 60(b)(1) and 60(b)(6) are mutually exclusive. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.,* 507 U.S. 380, 393 (1992).  A movant seeking relief from judgment premised on inadvertence and neglect under RCFC 60(b)(1) cannot obtain relief under RCFC 60(b)(6) as well. *See Stevens v. Miller,* 676 F.3d 62, 67–68 (2d Cir. 2012) (citing *Klapprott v. United States,* 335 U.S. 601 (1949)).  Although plaintiffs do not identify the ground their motion for relief is based upon, it appears to Court to rest on RCFC 60(b)(1)'s provision regarding "mistake [or] inadvertence."

[3]  Plaintiffs' reply paper is similarly bereft of citations, and argues that their disagreement with the USPS calculation of overtime renders the judgment entered against them "a manifest injustice."  Pls.' Reply at 2, ECF No. 191.

Plaintiffs similarly do not present any plausible argument that a clerical error or other mistake was made.  They suggest that the Court overlooked or ignored two reports on file by their purported expert.  *See* Pls.' Mot. at 3–5.  Not only were these reports considered by the Court, but they --- and plaintiffs' arguments based on them --- were referenced several times in the previous opinion.  *See Delpin Aponte*, 116 Fed. Cl. at 8–10, 15, 17–20.  As the Court explained, these arguments (and, hence, the reports) rested on a factual error, as they incorrectly assumed that no premiums or differentials other than postal overtime were associated with the overtime hours worked by plaintiffs.  *Id.* at 19–20.  And far from "inadvertently disregarding the undisputed calculation of the overtime shortfall presented by the plaintiffs," Pls.' Mot. at 3, the Court explained that, in addition to the aforementioned error, plaintiffs' calculations were based on an interpretation of the FLSA that differs from the one held by the Department of Labor (DOL) and upheld in various court challenges.  *Delpin Aponte*, 116 Fed. Cl. at 10–12, 19–21.

Both parties agreed that the payroll records offered as evidence were representative of those of all the plaintiffs in the case and were an accurate reflection of the overtime pay the USPS paid its employees.  *See* Pls.' Prop. Findings of Fact ¶¶ 1, 2, 7, 15, ECF No. 118; Def.'s Resp. to Pls.' Prop. Findings of Fact ¶¶ 1, 2, 5, 7, 15, ECF No. 125.  These records showed that the defendant paid overtime wages in accordance with the DOL interpretation of FLSA, and added to these wages an  extra amount to reflect the Territorial Cost of Living Adjustment (TCOLA) contribution to the regular rate per *Frank v. McQuigg*, 950 F.2d 590, 594 (9th Cir. 1991).  *See Delpin Aponte* 116 Fed. Cl. at 14–18.  Plaintiffs cite *McQuigg* for the proposition that following the DOL approach does not necessarily satisfy FLSA.  Pls.' Mot. at 2.  But the reasoning of *McQuigg* does not seem to apply to non-TCOLA premiums earned by plaintiffs, *see Delpin Aponte*, 116 Fed. Cl. at 20, and plaintiffs make no explanation to the contrary (which would be untimely, in any event).

Plaintiffs in their motion merely reassert arguments that have been carefully considered and rejected, and persist in their mistaken understanding of the postal overtime payroll entries.  No valid ground for reconsideration or for relief from judgment has been identified.  For all of the reasons stated above, plaintiffs' motion is accordingly **DENIED**.

**IT IS SO ORDERED.**

s/ Victor J. Wolski_____
**VICTOR J. WOLSKI**
Judge